**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | | |
|---|---|---|
| ROBIN ANTEY Personal Representative of the Estate of H.G., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:12-cv-00085-TWP-WGH |
| OFFICER KEVIN M. DONAHUE, and the CITY OF EVANSVILLE, INDIANA, | ) ) ) | |
| Defendants. | ) ) | |
| JEFFREY A. GREEN, | ) ) | |
| Intervenor. | ) ) | |

## ENTRY ON MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Robin Antey ("Plaintiff"), as Personal Representative of the estate of H.G., brought this action against Defendants Officer Kevin M. Donahue ("Officer Donahue") and the City of Evansville (the "City") (collectively, "Defendants"), under 42 U.S.C. § 1983 ("§ 1983") for violations of the substantive due process clause of the Fourteenth Amendment, as well as under state law for gross negligence.  (Dkt. 1.)  Defendants have filed a Motion for Judgment on the Pleadings on all of Plaintiff's counts.  (Dkt. 13.)  For the reasons set forth below, the Defendants' motion is **GRANTED in part** and **DENIED in part**.

## I.  BACKGROUND

The following facts are from Plaintiff's Complaint and are accepted as true for purposes of this Motion.  On June 24, 2012, H.G. suffered fatal injuries resulting from a domestic disturbance at a residence in the City of Evansville.  Plaintiff's Complaint alleges that Officer Donahue, while performing his duties as an officer of the Evansville Police Department,

responded to an incident at the location where there were "clear signs of criminal activity" and Officer Donahue was made aware that a domestic disturbance had transpired.  Dkt. 1 at 3 ¶ 12. However, Officer Donahue remained outside in his car and did not enter the residence, and later left the scene without investigating what was occurring inside the apartment.  Several hours later, officers were dispatched to the residence for a "welfare check" where they found H.G. dead inside the apartment.  Plaintiff alleges that H.G. was still alive at the time Officer Donahue failed to investigate the domestic disturbance, and that Officer Donahue was deliberately indifferent to the serious medical needs of H.G., which caused "unnecessary and wanton infliction of pain" upon H.G., resulting in a denial of due process of the laws.  Dkt. 1 at 4 ¶ 16.  Plaintiff also alleges that Officer Donahue's actions constitute gross negligence on his part and on the part of the City.  Dkt. 1 at 4 ¶¶ 20-21.

## II.   <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the parties have filed the complaint and answer.  Rule 12(c) motions are reviewed under the same standard as a motion to dismiss under 12(b)(6).  *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir. 1996).  Like a Rule 12(b)(6) motion, the court will grant a Rule 12(c) motion only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief."  *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (*quoting Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)).  The facts in the complaint are viewed in light most favorable to the non-moving party; however, the court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law."  *Id.* (*quoting R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989)).  "As the title of the rule implies, Rule 12(c)

permits a judgment based on the pleadings alone. . . .  The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Id.* (internal citations omitted).

### III.  DISCUSSION

Defendants argue that Plaintiff has not stated a claim under § 1983 because Officer Donahue and the Evansville Police Department did not owe a duty to H.G., thus they did not deprive her of a constitutionally protected right.   Defendants further argue that Officer Donahue cannot be held personally liable under the Indiana Tort Claims Act ("ITCA"), and also that Plaintiff's state claim is barred because she failed to timely file the required notice of tort claim.

**A.      Violation of Constitutional Rights**

An actionable claim for relief under § 1983 requires a plaintiff to plead (1) a deprivation of a right secured by the constitution or laws of the United States (2) caused by an action taken under color of state law.  *Hernandez v. City of Goshen, Ind.*, 324 F.3d 535, 537 (7th Cir. 2003). Plaintiff's Complaint alleges that Officer Donahue's actions were taken under color of state law; however, the issue is whether she has properly pleaded facts showing that Defendants deprived H.G. of a constitutionally protected right.  Plaintiff alleges that Officer Donahue, by and through the Evansville Police Department, was deliberately indifferent to the "serious medical needs" of H.G., causing "unnecessary and wanton infliction of pain" and violated H.G.'s rights secured by the Constitution of the United States, as his conduct was "cruel and unusual and resulted in the denial of due process of the laws."  Dkt. 1 at 4 ¶ 16.

The Supreme Court has held that the state's failure to protect a person from another private citizen does not violate the due process clause.  *DeShaney v. Winnebago Cnty. Dep't. of Soc. Svcs.*, 489 U.S. 189, 202-03 (1989).  Additionally, the Seventh Circuit has made it clear that a city police department has no affirmative duty to a person to investigate a threat from a private

person, and the city's failure to investigate credible threats of private violence is not unconstitutional. *Hernandez*, 324 F.3d at 538. The only exception exists where the state actor's conduct created or exacerbated the danger faced by the victim. *Windle v. City of Marion, Ind.*, 321 F.3d 658, 660-61 (7th Cir. 2003).

In *Windle*, the Seventh Circuit determined that police officers' inaction did not create or exacerbate danger to the victim. In that case, officers of the Marion Police Department intercepted cellular telephone conversations between what turned out to be a middle school teacher and a minor student that evidenced an ongoing sexual relationship. Police initially believed the conversations were between two adult women, but even after discovering that one of the participants was a minor, they did not take any action until the conversation indicated that the child was possibly suicidal. Plaintiff brought a § 1983 suit against the officers and the city, alleging that her due process rights were violated because they failed to protect her from being molested by the teacher. The court held that this inaction did nothing to create a danger or make the danger to the child any worse, thus no constitutional violation occurred. *Id*. at 662. *See DeShaney*, 489 U.S. at 201 ("[T]he State had no constitutional duty to protect Joshua against his father's violence, its failure to do so—though calamitous in hindsight—simply does not constitute a violation of the Due Process Clause.").

Likewise, in this case, Officer Donahue and the Evansville Police Department did nothing to create or exacerbate the danger to H.G. The "unnecessary and wanton infliction of pain" was not caused by the actions of Officer Donahue, but rather a private citizen. Even assuming that Officer Donahue knew that a fatal assault had occurred or was about to occur in the residence, this case is still not distinguishable from *Windle*, in which the officers knew for certain that criminal activity was being perpetuated against a child. Officer Donahue had no

4

constitutional duty to H.G. to investigate the domestic disturbance, to prevent the assault that lead to her death, or attend to her medical needs if the assault had already occurred.  "[A] state actor's failure to protect private persons from injuring each other does not establish a constitutional violation."  *Hernandez*, 324 F.3d at 539.  Plaintiff's Complaint alleging that Officer Donahue's inaction was the cause of the harm to H.G. cannot support a claim that he and the City violated a constitutionally protected right; therefore, the Court **GRANTS** Defendants' motion for judgment on the pleadings on Count I of Plaintiff's Complaint.

**B.      Gross Negligence**

Plaintiff also asserts state law claims of gross negligence against Defendants.  Plaintiff's tort claims are subject to the Indiana Tort Claims Act's procedural and substantive requirements. Ind. Code § 34-13-3-1 *et seq*.; *Keri v. Bd. of Trus. of Purdue Univ.*, 458 F.3d 620, 648 (7th Cir. 2006).  "Compliance with the ITCA is a prerequisite to pursuing a tort claim against a state [actor] . . . regardless of whether suit is filed in state or federal court."  *Keri*, 458 F.3d at 648.

**1.      Claim against Officer Donahue**

Plaintiff brings a gross negligence claim against Officer Donahue individually for actions that he committed while performing his duties as an officer of the Evansville Police Department. However, the ITCA prohibits tort suits against government employees personally for conduct carried out within the scope of their employment.  I.C. § 34-13-3-5(b).  Because Plaintiff's Complaint alleges that Officer Donahue was acting within the scope of his employment, she cannot maintain a tort action for gross negligence against him personally.  Therefore, the Court **GRANTS** Defendants' motion for judgment on the pleadings on Count II of Plaintiff's Complaint as to Officer Donahue.

2.        **Claim against the City of Evansville**

Defendants assert that Plaintiff failed to timely file the required notice of tort claim under the ITCA, which provides that a claim against a political subdivision is barred unless notice is filed with the governing body of that political subdivision within 180 days from when the loss occurs.  I.C. § 34-13-3-8.  Plaintiff's Complaint simply states that notice pursuant to the ITCA was given to the Defendants, but does not indicate the dates on which the notice was sent or received.  Dkt. 1 at 3 ¶ 9.  Defendants attempt to provide the Court with a copy of the tort claim notice filed by Plaintiff as evidence that the notice was filed after the 180-day notice period.  Dkt. 14-1.  Effectively, Defendants are asking the Court to convert their 12(c) motion into a motion for summary judgment by presenting evidence outside of the pleadings.  *See* Fed. R. Civ. P. 12(d).   The decision whether to convert a motion to dismiss into a motion for summary judgment is left to the discretion of the court.  *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1989).  The Court declines to do so.

The purpose of a 12(c) motion is to test the sufficiency of the plaintiff's complaint and identify defects in a plaintiff's claim, not the presence of a defendant's affirmative defense. *Taleyarkhan v. Purdue Univ.*, 837 F. Supp. 2d 965, 969 (N.D. Ind. 2011).  "[P]laintiffs need not anticipate and attempt to plead around all potential defenses.  Complaints need not contain any information about defenses and may not be dismissed for that omission."  *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).  Only where a plaintiff admits all of the elements of an impenetrable defense, thus pleading herself out of court, may a complaint that otherwise states a claim be dismissed; however, omission of facts from her complaint which would ultimately defeat an affirmative defense does not justify dismissal.  *Id.*; *U.S. Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003).

The assertion that a plaintiff failed to comply with the ITCA notice requirement is an affirmative defense.  *Taleyarkhan*, 837 F. Supp. 2d at 968 (citing *Brown v. Alexander*, 876 N.E.2d 376, 383-84 (Ind. Ct. App. 2007)).    In this case, Plaintiff has not pleaded herself out of court because her Complaint does not admit that her ITCA notice was filed after the notice period.  The Court declines to consider the evidence included with Defendants' Motion, as the Plaintiff has not been afforded the opportunity to properly respond to a motion for summary judgment and there may be other circumstances under which the notice period may be tolled that are outside of the consideration of this Court under the present 12(c) motion.  *See White v. Stuben Cnty., Ind.*, No. 1:11-CV-019, 2011 WL 4496504, at *14 (N.D. Ind. Sept. 27, 2011) (explaining circumstances under which ITCA notice period may be tolled).   Therefore, the motion for judgment on the pleadings on Count II of Plaintiff's Complaint as to the City of Evansville is **DENIED**.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings (Dkt. 13) is **GRANTED in part** and **DENIED in part**.  The Court **GRANTS** Defendants' motion for judgment on the pleadings on Plaintiff's claims under Count I of her Complaint against Officer Donahue and the City of Evansville, and Plaintiff's claim under Count II of her Complaint against Officer Donahue; thus, these claims are **DISMISSED with prejudice**.  The motion for judgment on the pleadings on Count II of Plaintiff's Complaint as to the City of Evansville is **DENIED**.

SO ORDERED

Date: 02/07/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

7

DISTRIBUTION:


JEFFREY A GREEN
3409 Kensington Avenue
Evansville, Indiana  47711

John Andrew Goodridge
John Andrew Goodridge Law Office
jgoodridge@jaglo.com

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL & SHOULDERS
kvonderahe@zsws.com

Mary Lee Schiff
ZIEMER STAYMAN WEITZEL & SHOULDERS
lschiff@zsws.com

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com