UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| ROBIN ANTEY Personal Representative of the Estate of H.G., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:12-cv-00085-TWP-WGH |
| OFFICER KEVIN M. DONAHUE, and CITY OF EVANSVILLE, INDIANA, | ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON MOTION FOR JUDGMENT ON COUNT II OF COMPLAINT**

Plaintiff Robin Antey ("Ms. Antey"), as Personal Representative of the Estate of H.G.,

brought an action against the City of Evansville, Indiana ("the City"), under 42 U.S.C. § 1983

for violations of the substantive due process clause of the Fourteenth Amendment and under state

law for gross negligence. On February 7, 2013, the Court granted the City's Motion for

Judgment on the Pleadings on Count I and on Count II as to Officer Donahue but denied the

Motion on Count II of Plaintiff's Complaint against the City (Dkt. 22). The City re-filed a

Motion for Judgment on the Pleadings on Count II of Plaintiff's Complaint as to the City (Dkt.

27). For the reasons set forth below, the City's motion is **GRANTED**.

## I.  BACKGROUND

The following facts are from Ms. Antey's Complaint and are accepted as true for

purposes of this Motion. On June 24, 2012, Ms. Antey's daughter, H.G., tragically suffered fatal

injuries resulting from a domestic disturbance at a residence in the City of Evansville. Ms.

Antey's Complaint alleges that Officer Donahue, while performing his duties as an officer of the

Evansville Police Department, responded to an incident at the residence where there were "clear

signs of criminal activity" and Officer Donahue was made aware that a domestic disturbance had transpired.  Dkt. 1 at 3 ¶ 12.  After Officer Donahue arrived at the residence, he remained outside in his car and did not enter the residence.  Instead, Officer Donahue left the scene without investigating the potential danger of the person inside the apartment.  Several hours later, officers were dispatched to the residence for a "welfare check" where they found H.G. dead inside the apartment.  Ms. Antey alleges that H.G. was still alive at the time Officer Donahue failed to investigate the domestic disturbance, and that the City, through Officer Donahue, was deliberately indifferent to the serious medical needs of H.G., which caused "unnecessary and wanton infliction of pain" upon H.G.   Thus, Ms. Antey claims the Evansville Police Department's failure to act, through Officer Donahue, amounted to gross negligence for which she can recover damages against the City.  Dkt. 1 at 4 ¶¶ 20-21.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the parties have filed the complaint and answer.  Rule 12(c) motions are reviewed under the same standard as a motion to dismiss under 12(b)(6).  *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir. 1996).  Like a Rule 12(b)(6) motion, the court will grant a Rule 12(c) motion only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief."  *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (*quoting Craigs, Inc. v. Gen. Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)).  The facts in the complaint are viewed in the light most favorable to the non-moving party; however the court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law."  *Id.* (*quoting R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989)).  "As the title of the rule implies, Rule 12(c)

permits a judgment based on the pleadings alone. . . .  The pleadings include the complaint, the

answer, and any written instruments attached as exhibits." *Id.* (internal citations omitted).  The

complaint must include "enough facts to state a claim to relief that is plausible on its face."

*Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted).  To be facially

plausible, the complaint must allow "the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(citation omitted).

### III.  DISCUSSION

The City argues first that it has law enforcement immunity, and second, it has no

common law duty to prevent a crime against H.G. under the facts of this case.  In response, Ms.

Antey claims that the City's actions, through Officer Donahue, constitute gross negligence,

because a "special relationship" existed under common law.  The Court will address each issue.

### A.      Whether the City Has Law Enforcement Immunity

Ms. Antey's tort claims are subject to the Indiana Tort Claims Act's ("ITCA") procedural

and substantive requirements.  Ind. Code § 34-13-3-1 et seq.; *Keri v. Bd. of Trus. Of Purdue*

*Univ.*, 458 F.3d 620, 648 (7th Cir. 2006).  "Compliance with the ITCA is a prerequisite to

pursuing a tort claim against a state [actor] . . . regardless of whether suit is filed in state or

federal court." *Keri*, 458 F.3d at 648.  According to the ITCA, "[a] governmental entity or an

employee acting within the scope of the employee's employment is not liable if a loss results

from . . . [t]he adoption and enforcement of or failure to adopt or enforce a law (including rules

and regulations)."  Ind. Code § 34-13-3-3(8).  Enforcement is defined as "compelling or

attempting to compel the obedience of another to laws, rules, or regulations, and the sanctioning

or attempt to sanction a violation thereof." *Johnson ex rel. Ind. Dep't of Child Servs. v. Marion*

*Cnty. Coroner's Office*, 971 N.E.2d 151, 158 (Ind. Ct. App. 2012), transfer denied, 982 N.E.2d 1016 (Ind. 2013) (citing *St. Joseph Cnty. Police Dep't. v. Shumaker*, 812 N.E.2d 1143, 1150 (Ind. Ct. App. 2004)). "[A] governmental entity will be immune only for adopting or enforcing, or failure to adopt or enforce, a law, rule, or regulation within the scope of the entity's purpose or operational power." *Johnson ex rel. Ind. Dep't of Child Servs.*, 971 N.E.2d at 158.

Here, Ms. Antey's Complaint alleges that Officer Donahue was acting in the scope of his employment when he was dispatched to do a welfare check. The scope of Ind. Code § 34-13-3-3(8) depends on whether the government entity failed to enforce a law; the scope does not depend on whether the government entity failed to follow a procedure. *Davis v. Animal Control*, 948 N.E.2d 1161, 1164 (Ind. 2011). While remaining in his vehicle, Officer Donahue failed to enforce the law and prevent criminal activity. Therefore, the Court finds that the City, acting through Officer Donahue, is immune under Ind. Code § 34-13-3-3(8).

**B.     Whether the City Owed a Duty to H.G.**

In the absence of special circumstances, there is no duty resting on a municipality or other governmental body to provide police protection to any particular person, and the government may not be held liable for its failure to do so, since the duty of providing protection from crime is one owed only to the general public. If the duty which the official authority imposes upon a police officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public not an individual injury, and must be redressed, if at all, in some form of public prosecution. *Simpson's Food Fair, Inc. v. City of Evansville*, 272 N.E.2d 871, 873. On the other hand, if the duty is a duty to the individual, then a neglect to perform it, or to perform it properly, is an individual wrong, and may support an individual action for damages. *Id.* To be private, a duty must be particularized to an individual. *Id.* at 874.

Therefore, in order for liability to attach to a defendant, the plaintiff must demonstrate that the officer or public body owes a specific duty or has a special relationship to the injured individual. *Crouch v. Hall* (1980), Ind.App., 406 N.E.2d 303, 304.

A plaintiff seeking to recover based on a police department's breach of a special duty to protect the plaintiff must, of course, establish that a special relationship in fact existed. Citing to *Castle Rock v. Gonzales*, 545 U.S. 748 (2005), Ms. Antey asserts there was a "special relationship" between the City and H.G. Specifically, Ms. Antey asserts "Officer Donahue was under a duty to act with reasonable care, and should be held liable for injuries caused by his reckless disregard of H.G. lying in the apartment dying from her injuries." (Dkt. 33 at 4).

The City claims that, in addition to being immune under the ITCA, there was no common law duty to prevent the crime against H.G. The City cites *Benton v. City of Oakland City*, 721 N.E.2d 224, 230 (Ind. 1999), which states that "a governmental unit is bound by the same duty of care as a non-governmental unit except where the duty alleged to have been breached is so closely akin to one of the limited exceptions . . . that it should be treated as one as well." These exceptions include preventing crimes, appointing competent officials, or making correct judicial decisions. *Benton*, 721 N.E.2d at 230. The City's position is well taken in that Ms. Antey's claim falls within the exception in this ruling. "[T]here is . . . no general common law duty to rescue a stranger in distress even if the rescue can be accomplished at no cost to the rescuer." *Jackson v. City of Joilet*, 715 F.2d 1200, 1202 (7th Cir. 1983). If a police officer fails to rescue a person in distress, then this failure is not a tort. *Id.* In order for a duty to arise, a police officer must have a special duty to the individual that is separate from the general public, which only arises when there is a special relationship between victim and the police officer. *Benton*, 721 N.E.2d at 229.

In *Gary Police Department v. Loera,* 604 N.E. 2d 6 (Ind. App. 1992), the court offered a litany of examples which stand for the position that liability to an individual for damages will not lie where the officer or city simply owes a duty to the public generally. In *State v. Flanigan*, 489 N.E.2d 1216, 1219 (Ind.App. 1986), the court held that no private duty was owed by the state police to provide traffic control so that pedestrians walking along a highway could walk in safety. In *Crouch, supra,* the court held that the police did not owe a private duty to a deceased rape victim to investigate the rape of a third party and thereby help to prevent the rape and murder of the victim. The duty owed in the rape investigation was to the general public. *Id.* at 305. Finally, in *City of Hammond v. Cataldi*, 449 N.E.2d 1184, 1187-88 (Ind.App.1983), the court found that no special relationship existed between the victims of a fire and the fire department. The fire department's attempt to extinguish the fire was made in response to its general duty to protect the safety and welfare of the public and was not a private duty to any one victim. *Id.* It was, rather, the same as the duty owed to any other citizen. *Id.*

Likewise, in this case, no special relationship existed between the City or Officer Donahue and H.G., which would give rise to a private duty; but rather, any duty owed by the City was owed to the general public.

## IV.   CONCLUSION

For the foregoing reasons, the City's Motion for Judgment on the Pleadings (Dkt. 27) is **GRANTED**. Therefore, Count II of Ms. Antey's Complaint against the City is **DISMISSED with prejudice**.

**SO ORDERED.**

Date: ____09/16/2013____

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

6

DISTRIBUTION:

John Andrew Goodridge
JOHN ANDREW GOODRIDGE LAW OFFICE
jgoodridge@jaglo.com

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL & SHOULDERS
kvonderahe@zsws.com

Mary Lee Schiff
ZIEMER STAYMAN WEITZEL & SHOULDERS
LSchiff@zsws.com

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

Jeffrey A Green
3409 Kensington Avenue
Evansville, Indiana  47711